**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>   Plaintiff, )<br>   )<br>vs. )<br>   )<br>MICHAEL DELEVAN ENGLES )<br>   )<br>   Defendant. ) | NO. CR-05-CR-104-HE |

## ORDER

Defendant Michael Delevan Engles was indicted on six counts arising out of vehicle searches conducted in May 2003, and May 2004. Each search resulted in three charges: possession of a firearm and ammunition after a felony conviction, possession of controlled substances with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crimes. The defendant moved to suppress evidence seized during the first search. After his motion was denied, the defendant was tried by a jury and convicted on all counts. He was sentenced on February 24, 2006, to a term of imprisonment of 420 months[1] and six years of supervised release.[2] The defendant appealed to the Tenth Circuit Court of Appeals, challenging the denial of his motion to suppress. He did not challenge the three convictions arising out of the May 2004, search. The judgment was affirmed and the Supreme Court

---

[1] *The defendant was sentenced to terms of 60 months imprisonment on Counts 1, 2, 3, 4 and 5 and 300 months on Count 6. The terms on Counts 1, 2, 4, and 5 run concurrently, while the terms on Counts 3 and 6 run consecutively.*

[2] *The defendant was sentenced to six year terms of supervised release on Counts 2 and 5, three years on Counts 1 and 4, and five years on Counts 3 and 6, all to run concurrently.*

denied certiorari. United States v. Engles, 481 F.3d 1243 (10th Cir. 2007), *cert. denied*, ___ U.S. ___ (2007)..    On April 4, 2008, the defendant filed a motion seeking habeas relief under 28 U.S.C. § 2255.  He contends in ground one that officers violated his Fourth Amendment rights when they detained his vehicle without sufficient legal cause; in ground two that his Fifth Amendment rights were violated because the jury instructions failed to cure a Watson error; in ground three that he was denied effective assistance of counsel because of an irreconcilable conflict with his attorney; and in ground four that his appellate attorney was constitutionally ineffective because he failed to raise a meritorious issue on appeal.

The defendant recognizes that "'[a]bsent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.'" United States v. Phillips, 204 Fed.Appx. 765, 766 (10th Cir. 2006) (unpublished) (quoting United States v. Prichard, 875 F.2d 789, 791 (10th Cir.1989)). He argues, however, that he is allowed to challenge again the search of his vehicle because the Supreme Court, in Brendlin v. California, ___ U.S. ___(2007), changed the applicable law.

The defendant claims that because, under Brendlin, passengers in a vehicle are seized for purposes of the Fourth Amendment when a traffic stop occurs,  his vehicle was detained and reasonable suspicion was required to search it.   The defendant misconstrues the Tenth Circuit's decision on direct appeal in this case.  The court held that the car was not detained because both the defendant and his passenger were arrested and could not, therefore, drive

it away.³  The Supreme Court's decision in Brendlin that, "[w]hen a police officer makes a traffic stop ... a passenger is seized as well [as the driver] and so may challenge the constitutionality of the stop," *id.* at ___, did not affect the Tenth Circuit's decision.  The defendant is not entitled to habeas relief on the basis of the search of his automobile.

In ground two of his § 2255 motion, the defendant relies on the Supreme Court's decision in Watson v. United States, ___ U.S. ___, ___ (2007), that "a person who trades his drugs for a gun [does not] 'use[]' a firearm 'during and in relation to ...[a] drug trafficking crime' within the meaning of 18 U.S.C. § 924(c)(1)(A)."⁴  He claims the government introduced evidence that he bartered drugs for firearms to support the § 924 charge and that the court failed to instruct the jury that he could not be found guilty of using a firearm under § 924(c)(1)(A) if he received it in trade for drugs.

The government distinguishes Watson, arguing that Engles, unlike the defendant in Watson, was charged under the "possession in furtherance" prong of 18 U.S.C. § 924(c) rather than the "use" prong.  Noting in Watson that "[t]he Government is confident that a drug dealer who takes a firearm in exchange for his drugs generally will be subject to prosecution under this new possession prong," ___ U.S. at ___ (internal quotation omitted), the Supreme Court stated: "[t]his view may or may not prevail, and we do not speak to it

---

³*The defendant also misquotes Engles.  The appellate court noted that the defendant did not suggest that he and his passenger ( they) "were prohibited from contacting someone else to remove the car." United States v. Engles, 481 F.3d 1243, 1245 (10th Cir. 2007).*

⁴*The defendant argues that he did not waive his Watson claim because he is actually innocent of the § 924(c) charge.  The government did not assert waiver with respect to this claim.*

3

today ...." *Id.* The Fourth Circuit has subsequently held that an individual possesses firearms in furtherance of a drug trafficking offense even when he has not "used" the firearms for purposes of § 924(c). United States v. Woods, 271 Fed. Appx. 338 (4th Cir. 2008) (unpublished), *petition for cert. filed*, __ U.S.L.W. ___(U.S. July 19, 2008) (No. 08-5411). The Tenth Circuit, in a pre-Watson decision, United States v. Luke-Sanchez, 483 F.3d 703, 706 (10th Cir. 2007), concluded that "trading drugs for guns 'further[s]' the crime of drug trafficking." When guns are received in exchange for drugs, "the nexus between the drugs and the guns used to pay for them is sufficient, as a matter of law, to meet the 'in furtherance' prong of § 924(c)." *Id. Accord* United States v. Austin, 2008 WL 2445413, at *1-2 (D. Idaho 2008).

In addition, there was no evidence that the firearms charged in the indictment were obtained by the defendant in exchange for drugs. The evidence at trial sufficed to prove that the defendant possessed the firearms in furtherance of drug trafficking.[5] The defendant is not entitled under Watson to habeas relief.

The defendant asserts ineffective assistance of counsel as the third ground in his §2255 motion. He claims the court erroneously denied his motion to substitute counsel and contends he is entitled to a presumption of ineffectiveness due to the complete breakdown in communication that occurred between him and his court-appointed attorney.

"'[T]o prove a total breakdown in communication, a defendant must put forth

---

[5]*The jury was not instructed that the defendant could be convicted under § 924(c) if it found that he had obtained the firearms in exchange for drugs. See Instructions, Doc. #67, pp. 21-22.*

4

evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." United States v. Porter, 405 F.3d 1136, 1140 (10th Cir. 2005) (quoting United States v. Lott, 310 F.3d 1231, 1249 (10th Cir. 2002)). As evidence of the communication breakdown, the defendant refers to the court's discussion with the defendant and his attorney regarding the defendant's refusal to allow his counsel to cross-examine one of the government's witnesses, Kim Dixon. Tr. pp. 184-86. What the transcript reflects, however, is not a lack of communication, but a disagreement regarding trial strategy, which "is generally not a basis for ineffective assistance of counsel." United States v. Ambort, 282 Fed.Appx. 714, 717 (10th Cir. 2008), *cert. denied*, ___ U.S. ___ (2008) (unpublished); Porter, 405 F.3d at 1140 ("'Good cause for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney ... rather there must be a total breakdown in communications.'") (quoting Lott, 310 F.3d at 1249).[6]

The defendant's claim that he and his attorney "had not discussed important decisions needing to be made, such as whether Engles would testify on his own behalf," defendant's motion, p. 9, is similarly unpersuasive. The transcript page cited, Tr. p. 21, reflects only that a decision as to whether the defendant was going to testify had not yet been made, not that

---

[6]*Four factors are considered in determining whether a total breakdown in communication has occurred: "whether (1) the defendant's request was timely; (2) the trial court adequately inquired into defendant's reasons for making the request; (3) the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the communication breakdown."* Porter, *405 F.3d at 1140.*

the defendant and his attorney had not discussed whether he would take the stand.

The defendant also contends the court failed to adequately consider the motion to withdraw filed by his attorney at his direction. The court did not, he argues, sufficiently inquire into his reasons for seeking new counsel. He asserts that his concerns "pertained to counsel's loyalties," specifically, his attorney's "intent to sabotage his ability to receive a fair trial." Plaintiff's motion, p. 8.

The court conducted a hearing on the motion to withdraw, at which defense counsel[7] explained the reasons for his client's dissatisfaction – his former counsel's failure to file a motion to suppress in connection with the 2004 vehicle search and alleged misrepresentations made by other attorneys in the federal public defender's office that a suppression motion would be filed. Counsel also stated that the defendant questioned his commitment to him, believing his loyalty might lie with the other attorneys in the public defender's office.

When specifically asked by the court to explain the basis for his dissatisfaction with his lawyer, the defendant cited the lack of a preliminary hearing and his counsel's failure to file a motion to suppress. He did not assert any concern that his attorney did not fully represent his interests. After being apprised of the circumstances surrounding both the 2004 search and counsel's decision not to move to suppress evidence obtained during that search, the court concluded that the defendant was not entitled to new counsel as his disagreements

---

[7]*The defendant was initially represented by the Federal Public Defender for the Northern District of Oklahoma. The attorney who represented the defendant at trial, an assistant federal public defender, was assigned the case a few weeks before the trial commenced.*

with his attorney essentially were over matters of trial strategy. *See* Porter, 405 F.3d at 1140 ("'To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict.") (quoting United States v. Padilla, 819 F.2d 952, 955 (10th Cir.1987)).

The record does not show an irreconcilable conflict or demonstrate that defense counsel's representation of Mr. Engles fell below the standard demanded of attorneys in criminal cases. *See generally* United States v.Hamill, 252 Fed.Appx. 260, 262 (10th Cir. 2007) (unpublished) ("Because Hamill did not object to this alleged conflict in the trial court, Hamill must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. An actual conflict of interest exists if counsel was forced to make choices advancing other interests to the detriment of his client. Without a showing of inconsistent interests, any alleged conflict remains hypothetical, and does not constitute ineffective assistance.") (internal citations and quotations omitted). The defendant is not, therefore, entitled to habeas relief on the basis of the court's refusal to appoint new counsel to represent him. The court also concludes that an evidentiary hearing is not required to resolve the issue, as "the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief." 28 U.S.C. § 2255(b).

As his final ground for relief, the defendant asserts his appellate counsel was ineffective for failing to raise on appeal the court's denial of his trial counsel's motion to withdraw. As the court has rejected the defendant's claim that he was entitled to new trial

counsel because of an irreconcilable conflict with his attorney, appellate counsel's failure to raise the claim on appeal was not prejudicial and, thus, not ineffective assistance.

Accordingly, the defendant's § 2255 motion is **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of November, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE