**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CR-05-0104-HE |
| | ) | |
| MICHAEL DELEVAN ENGLES | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Michael Delevan Engles was convicted by a jury of being a convicted felon in possession of a firearm and ammunition, possession with intent to distribute controlled substances, and possession of a firearm in furtherance of a drug-trafficking crime. He was sentenced to a term of imprisonment of 420 months and six years of supervised release. The defendant appealed to the Tenth Circuit Court of Appeals. The judgment was affirmed and the Supreme Court denied certiorari. United States v. Engles, 481 F.3d 1243 (10th Cir. 2007), *cert. denied*, 552 U.S.895 (2007).

The defendant then filed a motion seeking habeas relief under 28 U.S.C. § 2255. The court denied his motion and the Tenth Circuit denied the defendant's request for a certificate of appealability. The defendant now seeks the reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2), citing Amendments 493, 506, 702 and 709 to the U. S. Sentencing Guidelines, as well as asserting other arguments.

The district court's authority to modify a defendant's sentence is limited to those specific circumstances where Congress has granted jurisdiction to do so. United States v.

Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). The statutory authority for modifying a sentence is 18 U.S.C. §3582 which sets out three situations where a court is permitted to modify a sentence. The provision potentially applicable here, and which defendant seeks to invoke, is §3582(c)(2), which permits a court in certain circumstances to reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range pursuant to 28 U.S.C. §994(o).

The lowering of the sentencing range by the Commission does not, however, give the court free rein to adjust any sentence impacted by the original, pre-amendment guideline. Rather, §3582(c) provides that a court may, after considering the factors set forth in 18 U.S.C. §3553, reduce the term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Among the applicable policy statements of the Commission is USSG §1B1.10, which sets forth the circumstances in which a changed guideline may be applied to reduce a previously imposed sentence. The guideline states that a reduction in sentence pursuant to §3582(c)(2) is permitted if the changed guideline range is due to an amendment "listed in subsection (c)" of the guideline. It goes on to specifically state: "If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) is not consistent with this policy statement and thus is not authorized."[1]

---

[1] USSG §1B1.10 has been amended, effective March 3, 2008. However, the revised guideline, though somewhat different in structure, retains the same limitation — that an amendment not listed in subsection (c) is not a basis for sentence reduction.

Accordingly, for an amendment to the Guidelines to authorize a potential reduction in sentence under §3582(c), the amendment must be listed in USSG 1B1.10(c).  Two of the amendments which the defendant seeks to apply to his circumstances – Amendments 493 and 709 are <u>not</u> among those listed in USSG 1B1.10(c).  Insofar as the defendant's motion is based on them, it must be denied.

Amendment 506 and Amendment 567, which superseded 506, also do not warrant relief, as they became effective before the defendant was sentenced.  Pursuant to the plain language of the statute, a court may modify a sentence only if it was "based on a sentencing range that has <u>subsequently</u> been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2) (emphasis added).

Amendment 702 became effective after the defendant was sentenced and is among those listed in USSG 1B1.10(c), but has no application to the defendant's circumstances. Amendment 702 corrected typographical errors in USSG 2B1.1, which related to theft and other offenses involving financial loss, and USSG 2L1.1, which relates to various offenses as to illegal aliens.  Neither guideline was used in sentencing defendant.

Finally, to the extent the defendant is again collaterally attacking his sentence, his motion is denied.[2]  As the defendant has already pursued one § 2255 motion, the court cannot proceed to hear a second or successive § 2255 motion without authorization from the Tenth Circuit. 28 U.S.C. § 2255(h).

---

[2]*For example, the defendant argues that the government failed to meet its burden of proof at sentencing.  See defendant's motion, p. 8.*

3

As no basis for relief under 18 U.S.C. § 3582(c)(2) has been shown, the defendant's motion for sentence reduction [Doc. #103] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 15th day of December, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE